IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | |
|---|---|
| Katie Conklin, etc., et al. | Case No. 3:07CV3775 |
| Plaintiff | |
| v. | ORDER |
| Apollo Express, Inc., et al., | |
| Defendant | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Lincoln General Insurance Company, | Case No. 3:08CV475 |
| Plaintiff | |
| v. | |
| Katie Conklin, et al., | |
| Defendant | |

These are consolidated suits that arise from collisions involving three semi-trailers and eighteen other vehicles on February 3, 2007 near milepost 165 on Interstate 75. Two persons, Richard Searle [Richard] and his wife Debra, died at the scene from injuries suffered in the accident. The representative of Richard's estate, Katie Conklin sued the driver of one of the semis, Keith

Boyne, and his employer, Apollo Express [Apollo] in case No. 3:07CV3775 for the damages resulting from Mr. Searles's wrongful death.

Lincoln General Insurance Company, which issued a liability insurance policy to Apollo, brought an interpleader action in case No. 3:08CV475 against Ms. Conklin, Christina Whatley, personal representative of Debra's estate, and other persons whose vehicle had been involved in the accident on February 3, 2007.

Among those others were Justice Hall, Kristin Carifa, and Brooklyn Hall, who were in a vehicle rented from Enterprise Rent-a-Car of Cincinnati and driven by Mr. Hall. Other claimants include Kristen and Phillip Pinciotti, who were traveling together in their van driven by Mr. Pinciotti.

Lincoln General has paid the limits of its policy with Apollo, $1,000,000, into the court's escrow.

Lincoln General has made thorough and diligent efforts to serve all parties believed to have been involved in the accident. Those who have appeared through counsel have agreed, given the indisputable fact that the amount of insurance is substantially less than could adequately compensate the decedents' estates and injured parties, to submit determination of the allocation of the $1,000,000 to me for binding, non-appealable determination.

To that end, Ms. Conklin, Ms. Whatley, Mr. Hall, Ms. Carifa, Mr. and Mrs. Pinciotti, and the owners of other vehicles, including Enterprise Rent-a-Car of Cincinnati, Compass Rose International Transportation, David Hovey and his employer, Target Express, have submitted statements of their damages for my review and consideration. I have reviewed those materials and supporting documentation, and base my determinations on that review.

The events leading to these suits occurred in the early afternoon. The Searles vehicle, being driven by Richard, and the Apollo truck were headed northbound on I-75. Encountering whiteout conditions, Richard slowed his vehicle. As he did so, he bumped into a car ahead of him. The driver of that car had seen the Compass Rose truck partially off the roadway to the right, its driver having pulled there and stopped due to the whiteout. The occupants of the car hit by Richard do not claim damages in this proceeding.

Almost immediately after the collision between Richard's car and the other vehicle, Boyne, driving the Apollo truck, struck the Compass Rose trailer in a glancing manner; he then rear-ended the Searles's vehicle, causing it to spin counterclockwise into the left northbound lane. Almost immediately thereafter, the Target Express truck, driving by Hovey and traveling northbound in the left lane, hit the Searles vehicle.

The Target Express semi, shoving the Searles's vehicle ahead of it, went with the Searles vehicle into the grassy median separating the north and southbound lanes of I-75. The Searles vehicle then struck the vehicle occupied by Justice Hall, Kristin Carifa, and Brooklyn Hall. Their car had been traveling southbound, been struck from behind by another vehicle, and then forced into the median. Their car had come to rest before being struck by the Searles's car as it was being shoved toward them by the Apollo truck.

Ms. Carifa stated that, as the Searles's car was coming toward her vehicle, Debra's eyes were open, and she appeared to have a look of terror on her face. I find from that statement that it is more likely than not that Debra experienced the conscious pain and suffering from the traumas of the injuries suffered by then, and, as well, an awareness of imminent death.

Mr. and Mrs. Pinciotti, traveling northbound, collided with a portion of the Target Express vehicle that was lying in their lane of travel.

## Discussion

I find from circumstantial evidence that it is equally likely – and thus, more likely than not – that Richard had the same conscious experiences. Photos show that his airbag had deployed; he probably therefore had not died immediately upon the impact of the Apollo truck, which spun in around into the path of the oncoming northbound truck in the left lane.

Mr. Hall and Ms. Carifa sought treatment after the accident in New Jersey. The record contains reports of chiropractic treatment for about a four month period. Though the narrative summary of their symptoms, diagnosis, treatment and prognosis states that each has suffered permanent injuries in terms of pain, restrictions on movement and related symptoms, I find that it is more likely than not that neither will require any significant medical or chiropractic care in the future and that, in time, they will be asymptomatic.

The other passenger in their car, Brooklyn hall, was a child of two. She was restrained in a child seat and was not injured. Expenses were incurred as a result of medical and chiropractic examinations conducted to confirm that fact.

Mr. Hall had medical expenses of $13,289.35; Ms. Carifa, $13,716, and Brooklyn, $985.

Mrs. Pinciotti struck the back of the front seat, causing pain in her knee. The force of the impact caused trauma from her seatbelt to her neck, chest and abdomen. After being examined in an emergency room, she returned to the vehicle, where she and her husband waited for to be interviewed by a police officer. Her medical expenses were covered by insurance. She has not had

intervening treatment, though she asserts that she still suffers knee pain and may need surgery at some point in the future.

Repairs to the Pinciotti vehicle cost $5,245.43.

Repairs to the Enterprise vehicle driven by Mr. Hall cost $7,229.36.

Repairs to the Target Express truck cost $14,148.83.

There were no lost wages on the part of any of the victims. Richard was retired at the time of his death. Though he and Debra has started a small engine repair business, it had yet to become a source of significant income. Neither Mr. Hall nor Ms. Cafria has presented any evidence of lost income from their injuries.

Compass Rose has submitted proof of property loss in the amount of $17,031 for the damage to its trailer.

There are no other claims before me.

Ms. Conklin and Ms. Whatley have submitted video clips in which they and other of Richard's and Debra's survivors speak about the impact of the loss on them and their families. Both decedents appear to have been devoted parents, and especially devoted grandparents. Though each had been married to others in the past, they had been married together for sixteen years.

Counsel for Richard and Debra have assembled reports of jury verdicts and settlements in wrongful death actions involving other persons over the age of fifty. The median of those award is $1.6 million and the average is $2 million.

I conclude that a reasonable jury could reasonably award $1 million each to Richard and Debra, given the circumstances of the accident and their pain and suffering and consciousness of imminent death. Because it is likely that the awards in the comparable cases referenced by counsel

included amounts for lost income, I find that a jury would be more likely than not to return a judgment somewhat less than the median or average award in those cases.

I find that a reasonable jury would enter judgment of $50,000 each for Mr. Hunter and Ms. Cafria. I am somewhat dubious of the chiropractor's prognosis of permanent restriction, and note that neither required any surgical intervention. Their course of chiropractic treatment appears to have uneventful and ended about four months after the accident. But they have each incurred nearly $15,000 in medical expenses, inclusive of the amount paid for Brooklyn's treatment.

I find that a reasonable jury would award damages in the amount of $5,000 to Kristin Pinciotti.

Compass Rose has presented clear proof of its property damage loss in the amount of $17,031; Mr. Pinciotti has done likewise for damages to his vehicle in the amount of $5,245.43. Damages incurred by Enterprise were $7,229.36.

I find that it is more likely than not that the damage to the Target Express truck were proximately caused by the negligence of its driver, Mr. Hovey. Encountering the same white-out conditions as the other drivers, he, unlike Mr. Searles and others, did not react in a timely, appropriate, or effective manner.

Total damages resulting from Boyne's negligent operation of the Apollo truck are:

| | | |
|---|---|---|
| Debra Searles | $1,000,000 | |
| Richard Searles | 1,000,000 | |
| Justice Hall | 50,000 | |
| Kristin Carifa | 50,000 | |
| Brooklyn Hall | - 0 - | [Medical expenses paid by Hall and/or Carfia] |
| Compass Rose | 17,031 | |
| Kristin Pinciotti | 5,000 | |
| Phillip Pinciotti | 5,245 | |
| Enterprise-Rent-a-Car | 7,229. | |

$$\overline{\$2,134,505}$$

The $1,000,000 paid into escrow, plus accumulated interest, shall be paid proportionately in accordance with the foregoing computation. Each party/claimant to bear his, her or its own costs and attorneys fees.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge